Argued and submitted October 31, 1983, reversed and remanded January 11, 1984

In the Matter of the Compensation
of Lorrie L. Widman, Claimant.

# WIDMAN,
*Petitioner,*

*v.*

# PECO MANUFACTURING COMPANY et al,
*Respondents.*

(WCB No. 81-04271; CA A26833)

674 P2d 70

Glenn M. Feest, Portland, argued the cause and filed the brief for petitioner.

John M. Pitcher, Portland, argued the cause for respondents. On the brief were Emil R. Berg and Griffith, Bittner, Abbott & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Claimant seeks reversal of an order of the Workers' Compensation Board which affirmed the carrier's denial of her hand condition. We hold that she has established the compensability of the hand condition by a preponderance of the evidence. Accordingly, we reverse.[1]

On February 19, 1981, claimant began her employment with Peco Manufacturing Company (Peco). Her previous employment had included working as a barmaid, where her hands were repeatedly exposed to cold, but she had never had any difficulty with her hands before her employment at Peco. Her job at Peco consisted of placing small rubber components into a solution of trichlorethylene (TCE), removing them from the solvent and attaching them to thin copper rods. She was provided with rubber gloves and wore them during the entire period of time that she was performing the job. The gloves would normally wear out quite rapidly. A worker could go through two pairs of gloves in one day, or a pair of gloves might last for three to four days. Although claimant testified that she did not know how it occurred, she stated that the TCE somehow got on her hands. She observed a film on her hands which smelled like TCE. Further, throughout the course of her working at her job, she could taste TCE. On the very day she began work, claimant experienced burning, aching and stiffness in her hands, and her hands turned a reddish-blue color.[2] All those symptoms got progessively worse as the day wore on. She worked at the job for the remainder of the day and returned to the job the next day, working approximately two to three hours. At that point, she reported her irritation to her supervisor, who transferred her to another job that did not involve TCE. She worked for the rest of that day and the entire next week before quitting

---

[1] Claimant also appeals the denial of her motion for consideration of newly discovered evidence. Since we hold that, based on the evidence before the Board, without the additional report of Dr. Bardana submitted with this motion, there is sufficient evidence to establish claimant's claim, we do not consider this assignment of error.

[2] Beach, who worked with claimant, stated that she observed claimant before she started working with the TCE and that she was nervous and her hands were not a normal color but were "reddish-blue." Claimant's supervisor, Shattuck, also testified that when claimant began work she was shaking and her hands were "a little bluish-red color." Neither woman noted swollen hands, and Shattuck testified that she primarily noticed the shaking.

because of the pain and discomfort in her hands. On April 30, 1981, employer issued a denial for claimant's hand condition.

The medical evidence in this case consists of the reports and testimony of three doctors. Dr. Lindquist, the first physician to examine claimant, reported on February 28, 1981, that claimant has a "probable primary allergy reaction to unknown chemical" on her hands. Her treating physician, Dr. Leveque, originally noted that her hands had the appearance of Raynaud's Phenomenon, but in the absence of a previous history it seemed unlikely that that was the problem. He stated:

> "I feel she has symptoms typical of solvent poisoning by mechanics from cleaning greasy machinery or diesel jet testers who get diesel fuel forced into their fingers. It is not an allergy.
>
> "* * * * *
>
> "I feel, based upon my examination and conversation with the patient, that she does suffer from solvent exposure. * * *"

Dr. Leveque stated that he believed Raynaud's Phenomenon symptoms were caused by the chemical dissolving

> "* * * the fatty material of the sheath and/or the nerve itself causing it to become super sensitive to outside influences such as cold, producing the effects of which she complains."

In his testimony at the hearing, he again concluded that, based on medical probability, claimant's hand condition was related to her employment. He stated that he was not clear in his own mind whether claimant suffered from Raynaud's Phenomenon, "but it's a nerve damage caused by the trichloroethylene."

Dr. Armbruster testified that claimant had Reynaud's Phenomenon that could not have been caused by her employment, because she was not exposed for a long enough period of time to TCE.

We hold that claimant has met her burden of proving that her hand condition is causally related to her employment. Other than testimony of co-workers that her hands were somewhat discolored before her work, there is no evidence that claimant ever had any problems with her hands before her employment at Peco. She had never sought any medical attention in the past, even though she had worked as a

barmaid with her hands exposed to various conditions. Almost immediately after beginning her employment at Peco, she began to have problems with her hands. Although she was unaware of the precise manner of how she was exposed to the chemical, the evidence that her hands worsened almost immediately after she began employment, that the gloves wore so quickly that they had to be replaced as often as twice a day and that she had a film on her hands and could taste the chemical while working clearly establishes that in some manner claimant's hands were exposed to TCE while she was employed at Peco.

Although the medical evidence is divided as to whether the short term of claimant's exposure to TCE at her employment could have caused the condition in her hands, we are persuaded by the reports and testimony of claimant's treating physician, Dr. Leveque, who stated repeatedly that exposure to TCE at her employment was the cause of her disability in her hands. *See Hamlin v. Roseburg Lumber,* 30 Or App 615, 567 P2d 612 (1977). The Board erred in affirming employer's denial of claimant's hand condition.

Reversed and remanded for acceptance of claimant's hand condition claim and a determination of the extent of disability.